# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WILLIE L. HARRIS,                                   CASE NO. 1:11-cv-00368 GSA PC

                         Plaintiff,                 ORDER DISMISSING COMPLAINT, WITH
                                                    LEAVE TO FILE AMENDED COMPLAINT
         v.                                         WITHIN THIRTY DAYS

M. ELLIOTT, et al.,                                 (ECF No. 1)

                         Defendants.
_____/

## Screening Order

**I.      Screening Requirement**

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to

28 U.S.C. § 636©).

         The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2    exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3    506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

4    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6    grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

7    standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

8    n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9    of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

10   (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.   Plaintiff's Claims**

12        Plaintiff is an inmate in the custody of the California Department of Corrections and

13   Rehabilitation (CDCR) at the Sierra Conservation Center at Jamestown.   Plaintiff names the

14   following individual defendants employed by the CDCR at Jamestown:  Academic Vice-Principal

15   M. Elliott; Physical Education Teacher Benjamin Henderson; Correctional Counselor L. Spatola;

16   Deputy Warden Heidi Lackner; Warden Frank Chavez; Lieutenant L. Allen; Correctional Counselor

17   E. Painter.

18        Plaintiff alleges that on August 11, 2010, he was severely injured during a job training

19   assignment.  Plaintiff was deemed partially disabled as a result.   Plaintiff's training involved

20   physical exercise.  Plaintiff alleges that he ran "two full laps when I felt something split around my

21   hell and ankle where I was to have surgery."  Plaintiff alleges that "I laid there right in front of M.

22   Elliott for forty-five minutes while one of the job trainer help me on a wheelchair to the medical unit

23   aided by a nurse and a commissioner officer."  Plaintiff continues to suffer physical pain, and

24   contends that "prison personnel" knew or should have known that they "set in motion a series of

25   events" by virtue of policy or regulations, "even if they are not directly involved in enforcing them

26   against you."

27        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

28   color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

1   law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives

2   another of a constitutional right, where that person 'does an affirmative act, participates in another's

3   affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

4   the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

5   (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection

6   can be established not only by some kind of direct, personal participation in the deprivation, but also

7   by setting in motion a series of acts by others which the actors knows or reasonably should know

8   would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

9       **A.    Eighth Amendment**

10      The Eighth Amendment provides that "cruel and unusual punishment [shall not be]

11  inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane

12  conditions of confinement must meet two requirements, one objective and the other subjective."

13  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

14      The objective requirement is met if the prison official's acts or omissions deprived a prisoner

15  of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S.

16  825, 834 (1994)).   To satisfy the subjective prong, a plaintiff must show more than mere

17  inadvertence or negligence.   Neither negligence nor gross negligence will constitute deliberate

18  indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The

19  Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and

20  workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted

21  this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

22      The Court finds Plaintiff's allegations in this case to be vague. Plaintiff appears to allege that

23  Defendants are responsible for his injury, but he fails to allege any facts that support such a claim.

24  In order to hold each individual defendant liable, Plaintiff must allege facts indicating that each

25  defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference.  The

26  allegations of the complaint indicate that Plaintiff was injured on August 11, 2010.  There are no

27  facts alleged that indicate any of the defendants knew of a danger to Plaintiff before that date. That

28  Plaintiff was injured does not, of itself, subject Defendants to liability. As noted above, even gross

3

1  negligence is insufficient to state a claim under the Eighth Amendment.

2       In order to hold an individual defendant liable, Plaintiff must name the individual defendant,

3  describe where that defendant is employed and in what capacity, and explain how that defendant

4  acted under color of state law.   Plaintiff should state clearly, in his or her own words, what

5  happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right

6  described by Plaintiff.   The only specific conduct charged to any of the Defendants is that Elliott,

7  the Vice-Principal, stood by while others assisted Plaintiff.  Such conduct does not violate the Eighth

8  Amendment.

9  **III.   Conclusion and Order**

10       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

11  which relief may be granted under section 1983.   The Court will provide Plaintiff with the

12  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

13  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

14  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

15  507 F.3d at 607 (no "buckshot" complaints).

16       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

17  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

18  Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be

19  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

20  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

21       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

22  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

23  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

24  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

25  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

26  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

27  1474.

28       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

4

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**  **February 8, 2012**                        /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE