# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>M. ELLIOTT, et al.,<br><br>          Defendants.<br>_____/ | 1:11-cv-00368-GSA-PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 12.)<br><br>ORDER FOR THIS ACTION TO BE SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.     RELEVANT PROCEDURAL HISTORY**

Willie L. Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 3, 2011. (Doc. 1.) On October 24, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case, including final judgment, until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on February 9, 2012, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc.

9.) On March 14, 2012, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 12.)

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.  SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at Pleasant Valley State Prison in Coalinga, California. The events at issue in the Amended Complaint allegedly occurred at the Sierra Conservation Center ("SCC") in Jamestown, California, while Plaintiff was incarcerated there. Plaintiff names the following individual defendants employed by the California Department of Corrections and Rehabilitation at SCC: Academic Vice-Principal M. Elliott, Physical Education Teacher Henderson

1  Benjamin, Correctional Counselor Lisa Spatola, Deputy Warden Heidi Lackner, Warden Frank X.
2  Chavez, Lieutenant L. Allen, and Correctional Counselor E. Painter. Plaintiff alleges as follows.

3      Plaintiff was scheduled for surgery on his ankle, was deemed partially disabled, and was
4  pulled from his job training assignment by Dr. Forster. On June 28, 2010, defendant Correctional
5  Counselor Lisa Spatola called Plaintiff in for a unit classification committee review. Spatola and
6  defendant Correctional Counselor E. Painter reviewed Plaintiff's file and decided Plaintiff was
7  medically fit for his job training assignment, despite being scheduled for surgery. At that time, Dr.
8  Forster was on leave from the medical unit.

9      Plaintiff was given notice to participate in job training. Plaintiff reported the situation to
10 defendant Lt. L. Allen. Defendant Henderson Benjamin also knew. Plaintiff produced CDC
11 Chronos which precluded the performance of the assigned tasks. L. Allen failed to act on Plaintiff's
12 complaints.

13     Plaintiff had no choice but to participate in the job training because if he refused, he could
14 be disciplined. On or about August 11, 2010, Plaintiff ran two full laps when he felt something split
15 around his heel and ankle where he was to have surgery. Plaintiff was severely injured and lay there,
16 right in front of defendant Elliott, for forty-five minutes. One of the job trainers helped Plaintiff into
17 a wheel chair and to the medical unit, assisted by a nurse and a commissioner officer.

18     Plaintiff suffered physical and mental pain, and a risk that his ankle will never be restored
19 to its full usefulness. Plaintiff holds defendants Frank X. Chavez (Warden) and Heidi Lackner
20 (Deputy Warden) liable because they failed to make any investigation or conduct administrative
21 proceedings. Defendant Lackner was put on notice at the infirmary by Plaintiff's appointments and
22 transportation to and from the hospital.

23     Plaintiff also holds all of the Defendants liable because of their responsibility to instruct,
24 train, supervise, control and discipline, and because they should have known of the wrongs that were
25 about to be committed.

26     Plaintiff requests monetary damages as relief.
27 ///
28 ///

## IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.     Conspiracy

Plaintiff alleges that Defendants conspired to violate Plaintiff's rights. In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

///

///

1    Plaintiff has not alleged any facts supporting the allegation that any of the Defendants entered
2    into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights.
3    Therefore, Plaintiff fails to state a claim for conspiracy.

### B.  Supervisory Liability and Personal Participation

Plaintiff seeks to hold the Warden and Deputy Warden liable in their supervisory capacities. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Id. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon the Warden, Deputy Warden, or any of the other Defendants in their supervisory capacities, Plaintiff fails to state a claim.

### B.  Eighth Amendment Conditions of Confinement Claim

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). In order to state a claim for violation of

5

the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff alleges that prison officials improperly decided that he was medically fit for a job training assignment, despite being scheduled for surgery on his ankle, resulting in severe injury to his ankle. However, Plaintiff has not alleged facts demonstrating that any defendant knew he was facing a substantial risk of serious harm and consciously disregarded that risk. The fact that Plaintiff was seriously injured is not, without more, the basis of a claim. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). As discussed above, even gross negligence does not constitute deliberate indifference. The mere possibility of misconduct falls short of meeting the Iqbal standard requiring Plaintiff to "state a claim that is plausible on its face." Iqbal 129 S.Ct. at 1949. Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Eighth Amendment against any of the defendants.

**V.    CONCLUSION**

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of

///

being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

  Therefore, **IT IS HEREBY ORDERED** that

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated: June 28, 2012    /s/ Gary S. Austin**
              UNITED STATES MAGISTRATE JUDGE